HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

DONALD BURDICK, et al.,

Plaintiffs,

v.

ROSENTHAL COLLINS GROUP, LLC,

Defendant.

CASE NO. C12-1667RAJ

ORDER

## I. INTRODUCTION

This matter comes before the court on Defendant's motion to transfer venue to the United States District Court for the Northern District of Illinois. No party requested oral argument, and the court finds oral argument unnecessary. For the reasons stated herein, the court GRANTS the motion (Dkt. # 5) and directs the clerk to transfer this action.

## II. BACKGROUND & ANALYSIS

This is a case of déjà vu all over again. Plaintiffs filed the same claims, plus a single federal claim, in this District in April 2011. The Honorable Ricardo S. Martinez transferred the case to the United States District Court for the Northern District of Ohio in November 2011, noting at the time that the Northern District of Illinois was also a more convenient forum than this one. Nov. 9, 2011 ord. (No. C11-557RSM, Dkt. # 19). After the case arrived in the Northern District of Ohio, that court dismissed the sole federal claim in July 2012 for failure to state a claim, then declined to exercise

ORDER – 1

supplemental jurisdiction over the state-law claims.  Jul. 26, 2012 ord. (N.D. Ohio, No. 11-CV-2571, Dkt. # 51).  Plaintiffs refiled their state-law claims, this time in King County Superior Court, in August 2012.  Defendant quickly removed the case here, invoking the court's diversity jurisdiction.  It then filed the instant motion to transfer venue, this time to the Northern District of Illinois.

Little has changed (at least as to the circumstances relevant to a transfer of venue) between today and when Judge Martinez transferred Plaintiffs' case 16 months ago.  The court reviews those circumstances briefly, to explain why it adopts Judge Martinez's reasoning and concludes that the Northern District of Illinois is the superior forum for this suit.

Plaintiffs are a group of fourteen people who had the misfortune to invest substantial sums of money with Enrique Villaba.  Mr. Villaba, who lived in or near Cleveland, Ohio, incorporated Money Market Alternatives, LLC ("MMA").  Through MMA, he promised impressive gains for minimal risk, in part by engaging in arbitrage to time sales of S&P 500 Index futures to take advantage of small price fluctuations from trades by large institutional investors.  Plaintiffs are 14 MMA investors.  Three of them are Seattle-area residents, two are a couple living in Tokyo who maintain a home in Seattle, seven are California residents, and two are residents of Tennessee.

Mr. Villaba was a fraud.  He did not follow the trading strategies that he advertised to MMA's investors, instead engaging in risky trades and piling up millions of dollars in losses.  His schemes began to unravel in 2009, and by early 2010 he faced civil enforcement actions from the Securities Exchange Commission and the Commodity Futures Trading Commission, both in the Northern District of Ohio.  At about the same time, the United States indicted him for wire fraud, also in the Northern District of Ohio. He pleaded guilty, and is presently serving a 105-month sentence at a federal prison in West Virginia.

ORDER – 2

This lawsuit does not target Mr. Villaba, it targets Rosenthal Collins Group, LLC ("Rosenthal"). Rosenthal is a registered Futures Commission Merchant – essentially a broker qualified to place trades on futures exchanges. Mr. Villaba established an account for MMA at Rosenthal, and used that account to effectuate the trades that ultimately lost millions of dollars belonging to MMA's defrauded investors. In Plaintiffs' view, MMA's and Mr. Villaba's activities alerted or should have alerted Rosenthal to the fraud that occurred, and Rosenthal should have done something to stop Mr. Villaba much sooner. Their claims invoke the securities laws of Washington, Ohio, and California, as well as the Washington Consumer Protection Act.

As Judge Martinez explained in more detail in his order, the court can transfer venue to another court in which the suit "might have been brought," but it can do so only "in the interest of justice." 28 U.S.C. § 1404(a). The court has the discretion "to adjudicate motions for transfer according to an individualized, case-by-case consideration of convenience and fairness." *Stewart Org. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) (internal quotation omitted). At least eight factors are relevant in that case-by-case analysis. *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498-99 (9th Cir. 2000) (listing factors, including "the location where the relevant agreements were negotiated and executed," the "plaintiff's choice of forum," the "state that is most familiar with the governing law," the "parties' contacts with the forum," the "contacts relating to the plaintiff's cause of action", "differences in costs of litigation in the two forums," "the ease of access to sources of proof", and the public policy of the forum state). The burden is on Rosenthal, as the party seeking transfer, to demonstrate that the Northern District of Illinois offers a more convenient forum. *Amini Innovation Corp. v. JS Imps., Inc.*, 497 F. Supp. 2d 1093, 1109 (C.D. Cal. 2007). The parties concede that Plaintiffs could have brought this action in the Northern District of Illinois. The court therefore considers the *Jones* factors to determine whether Illinois provides a more convenient forum.

ORDER – 3

So far as the record reveals, almost all of the activity relevant to Plaintiffs' claims against Rosenthal happened in places other than Washington. Rosenthal itself is headquartered in Chicago, where all of its executives live and work. The conduct that Plaintiffs contend should have alerted Rosenthal to Mr. Villaba's fraud transpired between Cleveland and Chicago. Other than the three Plaintiffs who reside in this District, Plaintiffs can point to no witness for whom Chicago would not be at least as convenient a forum as Seattle. All Plaintiffs except the Seattle residents would likely fly to any proceedings occurring in the forum state, and the difference in flying time to Chicago or Seattle is not significant.[1] Although Mr. Villaba met with the Seattle-area Plaintiffs in Washington on several occasions, this case does not center on Mr. Villaba's activity in Seattle. It centers on his relationship with Rosenthal, a relationship that took place almost entirely in Chicago and Cleveland. For the same reason, the fact that the Seattle-area Plaintiffs signed their agreements to invest with MMA in the Seattle area is entitled to little weight in the transfer analysis. So far as the record reveals, Rosenthal had no significant contact with any Plaintiff in Washington.

A few other factors weigh in Plaintiffs favor, but only slightly. They chose a Washington forum (twice). They have raised two Washington-law claims, but they have also raised claims under Ohio and California law, claims with which this court has no more familiarity than an Illinois court. Plaintiffs' decision to invoke three states' securities laws ensures that no state's courts are likely to have familiarity with the law governing all of their claims. Although Washington has a public policy interest in protecting its citizens from investment scams, that interest is no greater than the interest of Ohio or California. Illinois, moreover, has a substantial interest in ensuring that brokers operating within its borders comply with the law.

---

[1] Only two Plaintiffs submitted evidence in connection with these motions. They contend that an Illinois forum would impose substantial additional expense, but the evidence they offer is cursory. The court finds it unlikely that the choice of forum is likely to substantially impact the cost of litigation for the Plaintiffs as a group.

ORDER – 4

The relative congestion of this court and the court in the Northern District of Illinois is not significant. Rosenthal offers statistics suggesting that the Northern District of Illinois' judges handle fewer cases than the judges of this court. The differences are too slight to impact on the court's decision today.

Transfer would serve the interests of justice. Plaintiffs focus too much on the harm Mr. Villaba inflicted on them. Again, this case is about what harm Rosenthal inflicted on them. Unlike Mr. Villaba, Rosenthal did nothing to target Plaintiffs in Washington. So far as the record reveals, Rosenthal did nothing in Washington at all, or at least nothing relevant to this action. To keep the case here, when Illinois offers a demonstrably more convenient forum, would not serve the interests of justice.

When Judge Martinez transferred this case, he noted that a transfer to the Northern District of Ohio might be beneficial because of the pending civil and criminal litigation there. Unfortunately, this litigation did not reach a resolution in Ohio. The court does not conclude that this action is any more likely to resolve in Illinois than in Washington. It nonetheless concludes, after considering the relevant factors, that the interests of justice are best served by litigating this matter in the Northern District of Illinois.

### III.  CONCLUSION

For the reasons previously stated, the court GRANTS Defendant's motion to transfer (Dkt. # 5) and directs the clerk to TRANSFER this action to the United States District Court for the Northern District of Illinois.

DATED this 18th day of March, 2013.

_____  
The Honorable Richard A. Jones  
United States District Court Judge

ORDER – 5